# EXHIBIT 2

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO<br>1437 BANNOCK STREET<br>DENVER, CO 80202<br><br>**PLAINTIFF:** WARNER DE LEON, individually and on behalf of all similarly situated persons,<br><br>**v.**<br><br>**DEFENDANT:** UNITED AIRLINES, INC. | DATE FILED<br>March 31, 2026 9:52 AM<br>FILING ID: FAB5973B17662<br>CASE NUMBER: 2026CV31132<br><br>Δ COURT USE ONLY Δ |
| Attorneys for Plaintiff:<br><br>Victoria Guzman, Atty Reg. # 55401<br>Alexander Hood, Atty Reg. # 42775<br>TOWARDS JUSTICE<br>303 E. 17th Avenue, Suite 400<br>Denver, CO 80203<br>Telephone: (720) 441-2236<br>Alex@TowardsJustice.org<br>Victoria@Towardsjustice.org | Case Number:<br><br>Ctrm/Div: |
| **CLASS ACTION COMPLAINT** | |

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, an individual and resident of the State of Colorado, is employed by Defendant.

2. Defendant is a Delaware corporation with its principal place of business in Illinois.

3. Venue in this Court is proper pursuant to C.R.C.P. 98 because the acts or omissions giving rise to the claims in this complaint occurred in this County.

4. This Court has jurisdiction over the parties and subject matter of this action pursuant to C.R.S. § 13-1-124 and the Colorado Constitution.

**FACTUAL BACKGROUND**

5. Plaintiff is an hourly worker for Defendant at Denver International Airport.

6. Defendant employed Plaintiff and those similarly situated to perform work on

scheduled shifts.

7. Defendant required Plaintiff and those similarly situated to report to work at specific times and to be ready to begin work at the start of their scheduled shifts.

8. Defendant controlled the timing of Plaintiff's work and the conditions under which Plaintiff and those similarly situated performed that work.

9. Defendant maintained timekeeping systems that recorded when Plaintiff and those similarly situated clocked in and clocked out.

10. Defendant also maintained payroll policies and practices governing what portions of employees' recorded time would be treated as compensable work time.

11. Plaintiff typically worked 5 days a week. The shifts of Plaintiff and those similarly situated often exceeded 12 hours a day, and the hours of Plaintiff and those similarly situated often exceeded 40 hours in a week.

12. Defendant failed to compensate Plaintiff and those similarly situated with an overtime premium for all time in excess of 12 hours in a day and 40 hours in a week.

13. Plaintiff and those similarly situated did not receive all 10-minute rest breaks and were not paid for missed 10-minute rest breaks.

14. The Colorado Overtime and Minimum Pay Standards Order requires that employees be provided ten-minute rest periods in the middle of each four-hour work period or "major fractions thereof." 7 Colo. Code Regs. § 1103-1-5.2.

15. Defendant failed to provide Plaintiff and those similarly situated with all required ten-minute breaks.

16. Defendant failed to pay Plaintiff and those similarly situated for breaks that were not provided.

17. Defendant had no legal justification for its failure to authorize and permit rest breaks and, by failing to properly pay for the missed break time, shorted Plaintiff and those similarly situated for their time-worked, including unpaid minimum wage, unpaid straight time, and unpaid overtime. *See* 7 Colo. Code Regs. § 1103-1-5.2.4 ("When an employee is not authorized and permitted a required 10-minute rest period, his or her shift is effectively extended by 10 minutes without compensation.").

***Uncompensated Security Screening and Travel Time***

18. Defendant required Plaintiff and those similarly situated to undergo a mandatory

TSA or other third-party security screening as a condition of performing their work at an airport in Colorado.

19. Plaintiff and those similarly situated had no ability to bypass the required security screening or to perform their work without completing it, and Defendant required completion of the screening as a condition of employment and access to the worksite.

20. Specifically, Plaintiff and those similarly situated were required to pass through a security checkpoint located near the main terminal of the airport before traveling to an appointed location after security where on-the-clock time started at the beginning of their scheduled shifts.

21. Plaintiff and those similarly situated were required to report to the airport with sufficient time to complete the screening and travel process before their scheduled shifts.

22. If Plaintiff and those similarly situated were late to their shift due to delays with the screening and travel process, Plaintiff and those similarly situated are written up and are only paid starting at the time they arrive at their assigned location.

23. Defendant knew or should have known that employees were performing this required pre-shift activity without compensation.

24. Defendant did not compensate Plaintiff and those similarly situated until (1) after they completed required security screening and (2) after they traveled to the location where their shift began.

25. The time spent undergoing the mandatory security screening and traveling to the designated work-start locations was for Defendant's benefit and was required as a condition of employment.

26. Nevertheless, Defendant failed to record or compensate Plaintiff and those similarly situated for this time, which typically amounted to more than ten minutes per day.

27. By failing to compensate for this pre-shift time, Defendant deprived Plaintiff and those similarly situated of wages owed, including straight-time wage, minimum wage, and overtime compensation.

***Uncompensated Off-the-Clock Time***

28. Defendant had a policy and practice of compensating Plaintiff and those similarly situated based on scheduled shift times rather than actual clock-in and clock-out times.

29. As a result of this policy, even when Plaintiff and those similarly situated clocked in before the scheduled start of their shifts and began working, Defendant did not compensate them for that pre-schedule work time.

30. Likewise, when Plaintiff and those similarly situated continued working after the scheduled end of their shifts and remained clocked in, Defendant did not compensate them for that post-schedule work time.

31. Defendant's payroll practices therefore excluded time that Plaintiff and those similarly situated were clocked in and performing work, to the extent that time fell outside their scheduled shifts.

32. Plaintiff and those similarly situated often clocked in before their scheduled shifts started and began working before the scheduled start time.

33. Plaintiff and those similarly situated also often continued working after the scheduled end of their shifts before clocking out.

34. This work was performed for Defendant's benefit and as part of Plaintiff's and class members' job duties.

35. Defendant knew or should have known that Plaintiff and those similarly situated were clocking in before their scheduled shifts, beginning work before the scheduled start time, and continuing to work after the scheduled end of their shifts.

36. Defendant knew or should have known that, despite this work, its policy and practice was to compensate employees only for scheduled time rather than all actual time worked.

37. Defendant failed to record and/or pay all compensable time worked by Plaintiff and those similarly situated outside scheduled shift times.

38. As a result, Defendant failed to pay Plaintiff and those similarly situated all wages due, including straight-time wages, minimum wages, and overtime wages where applicable.

## CLASS ACTION ALLEGATIONS

39. This is a C.R.C.P. 23 class action on behalf of Plaintiff and Classes for whom Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the classes as follows:

***The Class***

**ALL OF DEFENDANT'S NON-FLIGHT CREW HOURLY EMPLOYEES WHO WORKED FOR DEFENDANT IN COLORADO FROM THE START OF THE APPLICABLE STATUTE OF LIMITATIONS THROUGH FINAL JUDGMENT**

***The Security Screening Sub-Class***

**ALL OF DEFENDANT'S NON-FLIGHT CREW HOURLY EMPLOYEES WHO WORKED FOR DEFENDANT IN COLORADO AND WHOSE COMPENSATED TIME DID NOT START UNTIL AFTER PASSING THROUGH SECURITY SCREENING FROM THE START OF THE APPLICABLE STATUTE OF LIMITATIONS THROUGH FINAL JUDGMENT**

***The Off-The-Clock Sub-Class***

**ALL OF DEFENDANT'S NON-FLIGHT CREW HOURLY EMPLOYEES WHO WORKED FOR DEFENDANT IN COLORADO AND WHOSE COMPENSATED TIME WAS BASED ON SCHEDULED SHIFTS RATHER THAN TIME ACTUALLY ON THE CLOCK FROM THE START OF THE APPLICABLE STATUTE OF LIMITATIONS THROUGH FINAL JUDGMENT**

40. This action is properly brought as a class action for the following reasons:

a. The Classes are so numerous that joinder of all Class Members is impracticable.

b. Numerous questions of law and fact regarding the liability of Defendant are common to the Classes and predominate over any individual issues which may exist.

c. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

d. The claims asserted by Plaintiff are typical of the claims of Class Members and the Classes are readily ascertainable from Defendant's records. Plaintiff was subjected to the same rules and policies as all other workers that form the basis of the alleged violation. Defendant applied its policies to Plaintiff just as it did with all Class Members.

e. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Plaintiff is committed to this action and has no conflict

with the class members. Furthermore, Plaintiff is represented by experienced class action counsel.

f. Questions of fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**CLAIM FOR RELIEF**
**(Colorado Wage Claim Act, C.R.S. §§ 8-4-101, *et seq.*)**

41. Plaintiff incorporates by reference all paragraphs above.

42. At all material times, Defendant has been an "employer" within the meaning of the Colorado Wage Claim Act, C.R.S. §§ 8-4-101, *et seq*.

43. At all material times, Defendant employed "employees," including Plaintiff and Class Members, within the meaning of the Colorado Wage Claim Act, C.R.S. §§ 8-4-101, *et seq*.

44. As a result of the foregoing conduct, as alleged, Defendant failed to pay wages due thereby violating, and continuing to violate, the Colorado Wage Claim Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

45. As a result, Plaintiff has been damaged in an amount to be determined at trial.

46. Plaintiff and the Class Members are entitled to all unpaid wages—including unpaid hourly straight-time wages, minimum wages, and overtime under the Colorado Minimum Wage Act, the City of Denver Minimum Wage Ordinance, and COMPS Order—under various provisions of the Colorado Wage Claim Act, *e.g.*, C.R.S. §§ 8-4-103, -109, -110, as well as other compensatory damages, including damages for emotional distress, equitable relief, including equitable relief to deter future violations and prevent unjust enrichment, and penalties.

47. This Complaint is a demand pursuant to C.R.S. § 8-4-109(3)(a). That is, it is a demand for unpaid wages on behalf of Plaintiff and the Class as defined above, *i.e.*, a "demand for the payment on behalf of … a group of similarly situated employees…."

48. Plaintiff and the Class Members are also entitled to attorney's fees, costs, statutory interest, statutory penalties, and all other relief deemed appropriate by the Court.

**JURY DEMAND**

49. Plaintiff demands a trial by jury as to all issues so triable.

## OTHER ALLEGATIONS

50. As part of discovery, Plaintiff will be requesting certain documents and information from Defendant. Please note the Defendant's document preservation obligations.

51. Plaintiff's claim is a good faith, non-frivolous claim filed for the express purpose of extending, limiting, modifying, or reversing existing precedent, law, or regulation; or for the express purpose of establishing the meaning, lawfulness, or constitutionality of a law, regulation, or United States or state constitutional right and the meaning, lawfulness, or constitutionality has not been determined by the Colorado supreme court, or for cases presenting questions under the United States constitution, to the Supreme Court of the United States. In particular, Plaintiff brings claims, as a matter of first impression to determine the extent of damages, including emotional damages, available under C.R.S. §§ 8-4-101 *et seq.*, and to whether that statute requires compensation for the government required security screenings described in this Complaint.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

1. Determining that the action is properly maintained as a class action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

2. Ordering prompt notice of this litigation to all potential Class Members;

3. Awarding Plaintiff and Class Members their compensatory damages, equitable relief, attorney's fees, and litigation expenses as provided by law;

4. Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

5. Awarding Plaintiff and Class Members statutory penalties as provided by law; and

6. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this 31st day of March, 2026.

*s/ Victoria E. Guzman*
Victoria E. Guzman

*s/ Alexander Hood*______
Alexander Hood

*Counsel for Plaintiff*